IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARC EDWARD LeMEUR                                                                    PLAINTIFF

v.                        Civil No. 5:17-cv-05107

JOHN R. SCOTT; and                                                                     DEFENDANTS
BRAD KARREN

**OPINION AND ORDER**

Plaintiff, Marc Edward LeMeur, filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se*. He has also filed a motion for leave to proceed *in forma pauperis* (IFP).

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.   BACKGROUND**

According to the allegations of the complaint (Doc. 1), Plaintiff is incarcerated under an invalid/unlawful conviction. He maintains the trial court did not have jurisdiction over him because he is, among other things, a sovereign man.

During his criminal proceeding, he alleges, among other things, that he was removed from the courtroom by both Judge John Scott and Judge Karren. He alleges they both refused to honor his status or to demonstrate that they had jurisdiction over him. He was convicted of a felony and sentenced to a term of imprisonment on December 16, 2016.

Plaintiff asks that he immediately be released, his "conviction be dismissed, and that he be made whole.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fails to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

The PLRA also contains a "three strikes" provision, 28 U.S.C. § 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. Court records demonstrate that Plaintiff has filed at least three cases which were dismissed as frivolous, malicious or for failure to state a claim: (1) *LeMeur v. Daniels, et al.,* Civil No. 09-5256 (dismissed 7/16/2010--§ 1915(g) strike flag entered); (2) *LeMeur v. Daniels, et al.,* Civil No. 09-5259 (dismissed 8/6/2010--§ 1915(g) strike flag entered); and (3) *LeMeur v. Daniels, et al.*, Civil No. 09-5260

(dismissed 7/14/2010-- § 1915(g) strike flag entered). Plaintiff also had at least two other cases that count as strikes but did not have a strike flag entered: (1) *LeMeur v. Vaughn*, Civil No. 09-5257 (dismissed 10/19/2010--report and recommendation adopted *in toto* which recommended dismissal as frivolous or for failure to state a claim and entry of a strike flag); and (2) *LeMeur v. Daniels, et al.*, Civil No. 09-5261 (dismissed May 4, 2010--report and recommendation adopted *in toto* which recommended dismissal as frivolous or for failure to state a claim and entry of a strike flag).

Although Plaintiff has at least three strikes, he may still proceed IFP if he is under "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has made no such allegations. Therefore, he is not eligible to proceed IFP.

This case is also subject to dismissal because it is frivolous. Judge Scott and Judge Karren are immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); s*ee also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

To the extent the Complaint seeks injunctive relief, that relief is also barred. Section 1983 precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent Plaintiff seeks injunctive relief, his claims are subject to dismissal.

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *Pulliam v. Allen,* 466 U.S. 522, 542 & n. 22 (1984); s*ee also Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted); s*ee also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law).

## IV. CONCLUSION

The application to proceed IFP is **DENIED** by virtue of the three strikes rule**.** The Complaint is **DISMISSED WITH PREJUDICE** as the claims stated are against Defendants who are immune from suit**.** *See* 28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* action, or any

portion of it, may be dismissed at any time due to frivolousness, for failure to state a claim, or because it seeks monetary relief against a Defendant immune from suit).

     IT IS SO ORDERED on this 10th day of August, 2017.


                                           */s/ P.K. Holmes, III*
                                           P. K. HOLMES, III
                                           CHIEF U.S. DISTRICT JUDGE